# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBOR NETWORKS, INC., § § § Plaintiff, § § Case No. _____ v. § § § SECURITY ON-DEMAND, INC., § § Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Arbor Networks, Inc. ("Arbor") files this Original Complaint and Jury Demand against Security On-Demand ("SOD"), as follows:

## NATURE OF THIS ACTION

1. This is an action by Arbor to enjoin the misuse of its federally registered trademark and to recover damages for unlawful conduct committed by Defendant. SOD is using a trademark—ATLAS—identical to Arbor's senior federally registered mark on substantially similar goods and services creating a likelihood of confusion between Arbor's goods and services and those offered by SOD. SOD, via a voicemail exchange with Arbor's in-house counsel, informed Arbor that it would cease use of the ATLAS mark but continues to use the mark, increasing the likelihood of confusion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because Arbor's claims arise under 15 U.S.C. §§ 1114 and 1125 of the Lanham Act. This

Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3. The Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to M.G.L. c. 223A § 3 because: (a) SOD caused tortious injury to Arbor trademarks within the Commonwealth; (b) SOD practices the unlawful conduct complained of herein, in part, within the Commonwealth; (c) the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; (d) SOD regularly does or solicits business within the Commonwealth; and (e) SOD regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or offer for sale to Internet users within the Commonwealth and, upon information and belief, has utilized websites that are accessed by consumers located in the district.

4. Because Defendant's wrongful acts involved the offering for sale and sale of products and services that infringe Arbor's trademark in this District, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Arbor is a Delaware corporation with its principal place of business at 6 Omni Way, Chelmsford, Massachusetts 01824.

6. SOD is a California corporation with its principal place of business at 12121 Scripps Summit Drive, Suite 320, San Diego, California 92131.

## FACTS APPLICAPLE TO ALL COUNTS

7. Arbor is a software company that specializes in network security and network monitoring software. Its goods and services are used by over 90% of all Internet service providers.

8. In 2007, Arbor launched network security services under the ATLAS mark. The services branded under the ATLAS mark were the world's first and remain the largest globally scoped threat analysis network services.

9. Arbor is the exclusive owner of the federally registered mark ATLAS®, which is the subject of a federal registration on the Principal Register at the United States Patent and Trademark Office ("USPTO") under Registration No. 3,370,076 (the "ATLAS Registration"). The ATLAS Registration identifies computer security services and monitoring of computer systems generally. True and correct copies of printouts evidencing this registration are attached hereto as Exhibit 1. Said registration is in full force and effect, and this mark is incontestable pursuant to 15 U.S.C. § 1065. The mark contained in the registration is hereinafter referred to as the "ATLAS Mark."

10. The ATLAS Registration was duly and legally issued, is valid and subsisting, and constitutes *prima facie* evidence of Arbor's exclusive ownership of the ATLAS Mark.

11. Arbor has also acquired common law rights in the ATLAS Mark throughout the United States.

12. Arbor has invested substantial resources and has expended significant time and effort in advertising, promoting, and developing its ATLAS Mark throughout the United States and the world. As a result of such advertising and promotion, Arbor has established substantial goodwill and widespread recognition in the ATLAS Mark for network security services, and it

has become associated exclusively with Arbor by both customers and potential customers, as well as with the general public at large.

13. As a result of, *inter alia*, the care and skill exercised by Arbor in the conduct of its business, the high quality of the services sold under the ATLAS Mark and the extensive advertising, sale, and promotion by Arbor of its branded services, the ATLAS Mark has acquired secondary meaning throughout the United States, including in the Commonwealth of Massachusetts.

14. SOD is a company that offers network security services.

15. In May 2015, SOD issued a press release announcing "sophisticated technology to correlate behavioral analytics, threat intelligence and situational awareness for the most complete threat identification available" under the mark ATLAS. Copies of SOD's press release and ATLAS webpage are attached as Exhibits 2 and 3.

16. Arbor received a copy of the press release and investigated the use by SOD of the ATLAS mark.

17. SOD's ATLAS mark is identical to Arbor's ATLAS Mark.

18. Based on a review of the press release and affiliated marketing, the services offered by SOD under its mark are substantially similar to the services offered by Arbor under the ATLAS Mark.

19. The consumers and potential consumers of SOD's services overlap with the consumers and potential consumers of Arbor's services.

20. On information and belief, at the time SOD decided to use the Defendant's Mark, it was aware of Arbor's trademark and federal registration thereof and willfully intended to trade

on Arbor's reputation and to cause confusion between the ATLAS Mark and the Defendant's Mark.

21. Arbor sent a cease and desist letter to SOD regarding its mark dated June 19, 2015. The letter informed SOD that Arbor owned the ATLAS mark and SOD's use of ATLAS infringed Arbor's intellectual property rights. A copy of the June 19, 2015 letter is attached as Exhibit 4. SOD did not respond.

22. Arbor sent a follow-up letter to SOD regarding its mark dated July 31, 2015. A copy of the July 31, 2015, letter is attached as Exhibit 5. SOD did not respond.

23. On or about September 3, 2015, in-house counsel for Arbor exchanged voice mails regarding the ATLAS Mark with both the CEO and the Vice-President of Marketing for SOD. The Vice-President of Marketing, Heather Antoinetti confirmed receipt of the prior letters and agreed to cease all usage of the ATLAS Mark by SOD.

24. Counsel for Arbor sent a letter confirming the conversation between the parties on September 8, 2015. A copy of the September 8, 2015, letter is attached as Exhibit 6. SOD did not respond.

25. On information and belief, SOD continues to use and has plans to continue use of its ATLAS Mark in connection with computer security services and monitoring of computer systems generally.

26. SOD's activities are likely to cause confusion, mistake, or deception among the public and are likely to lead the public to erroneously conclude that the goods and services offered by SOD originate with and/or are sponsored by and/or authorized by Arbor —all to the damage and harm of Arbor and the public.

27. SOD's activities are likely to and have caused irreparable injury to Arbor's goodwill and reputation.

28. SOD's continued activities will cause further irreparable harm to Arbor, its business reputation, and goodwill for which Arbor has no adequate remedy at law.

**CAUSES OF ACTION**

**COUNT ONE:** Trademark Infringement under 15 U.S.C. § 1114

29. Arbor repeats and re-alleges the allegations above as if fully set forth herein.

30. The services on which SOD uses its mark are identical and/or substantially similar to the services offered by Arbor.

31. The use by SOD of the ATLAS Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of SOD with Arbor, or as to the origin, sponsorship or approval of SOD's goods and services by Arbor.

32. The foregoing acts of SOD constitute infringement of the ATLAS Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 as represented in U.S. Federal Registration No. 3,370,076.

33. Arbor has suffered and will continue to suffer irreparable harm as a result of such infringement of its marks.

34. Arbor is entitled to monetary damages for SOD's infringement.

35. SOD has willfully infringed the Arbor Marks, and the intentional nature of SOD's actions make this case exceptional under 15 U.S.C. § 1117(a).

36. Arbor has been, is now, and will be irreparably harmed by SOD's infringement and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, SOD will continue to infringe the ATLAS Mark.

**COUNT TWO:** False Designation of Origin and Unfair Competition under 15 U.S.C. §1125(a)

37. Arbor repeats and re-alleges the allegations above as if fully set forth herein.

38. The foregoing acts of SOD have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of SOD with Arbor, or as to the origin, sponsorship or approval of SOD's goods and services by Arbor.

39. The foregoing acts of SOD constitute false designation of origin which is likely to cause confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. The intentional nature of SOD's actions entitles Arbor to recover profits, damages and costs, and attorneys' fees under 15 U.S.C. § 1117(a).

41. Arbor has suffered and will continue to suffer irreparable harm as a result of such false designation of origin by SOD and, unless enjoined by the Court pursuant to 15 U.S.C. § 1116, SOD will continue to suggest that its services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Arbor.

**COUNT THREE:** Common Law Trademark Infringement and Unfair Competition

42. Arbor repeats and re-alleges the allegations above as if fully set forth herein.

43. As a result of Arbor's extensive use and promotion of the ATLAS Mark, it enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce and has become associated with a single source of origin.

44. The foregoing acts of SOD have and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of SOD with Arbor, or as to the origin, sponsorship or approval of SOD's goods and services by Arbor.

45. SOD has been unjustly enriched by virtue of its unauthorized use of the ATLAS Mark.

46. Arbor is entitled to monetary damages for such infringement in an amount to be proven at trial.

47. The foregoing acts of SOD constitute trademark infringement and unfair competition in violation of the common law of the Commonwealth of Massachusetts.

48. Arbor has suffered and will continue to suffer irreparable harm as a result of such trademark infringement and unfair competition.

## APPLICATION FOR INJUNCTIVE RELIEF

49. As set forth above, SOD's actions in violation of the Lanham Act and Commonwealth law have caused, and are continuing to cause, substantial and irreparable damage to Arbor for which there is no adequate remedy at law. Arbor is, therefore, entitled to an injunction preventing SOD's continuing infringement, including an injunction against SOD's continued use of Arbor's federally registered and incontestable trademark, including the ATLAS Mark. SOD has improperly used and will continue to improperly use the ATLAS Mark unless this Court prevents it from doing so. Unless enjoined, SOD will continue to illegally use Arbor's protected mark, and Arbor will continue to lose control over its own reputation and goodwill, and the public and consumers likely will continue to be confused, misled, and deceived by the fact that SOD offers competing or related services under its mark.

50. Arbor requests that SOD, its employees, representatives, agents, members, and others acting in concert with it be permanently enjoined throughout the pendency of this lawsuit and permanently enjoined thereafter from using, in connection with any goods or services, the term "Atlas" or any other mark, term, word, or name confusingly similar to, phonetically equivalent to, or including the term "Atlas";

51. Arbor requests that SOD, its employees, representatives, agents, members, and others acting in concert with it be required to deliver up for destruction all products, packaging, advertisements, brochures, reports, catalogs, labels, and other business and promotional materials that bear the term "Atlas" or any other mark, term. word, or name confusingly similar to, phonetically equivalent to, or including the term "Atlas;" and

52. Arbor requests that SOD be enjoined from using the term "Atlas" anywhere on the internet and in the ordinary course of business.

## PRAYER FOR RELIEF

Arbor respectfully requests a judgement:

A. That SOD, its employees, representatives, agents, members, and others acting in concert with it be permanently enjoined throughout the pendency of this lawsuit and permanently enjoined thereafter from using, in connection with any goods or services, the term "Atlas" or any other mark, term, word, or name confusingly similar to, phonetically equivalent to, or including the term "Atlas;"

B. That SOD, its employees, representatives, agents, members, and others acting in concert with it be required to deliver up for destruction all products, packaging, advertisements, brochures, reports, catalogs, labels, and other business and promotional materials that bear the term "Atlas" or any other mark, term word, or name confusingly similar to, phonetically equivalent to, or including the term "Atlas";

C. That SOD be enjoined from using the mark "Atlas" anywhere on the internet and in the ordinary course of business; and

D. That SOD be required to account for and pay to Arbor all profits and benefits it derived as a result of the activities complained of herein;

E. That SOD be required to pay to Arbor actual, consequential, and compensatory damages sustained as a result of the activities complained of herein;

F. That SOD be required to pay increased damages due to its willful infringement;

G. That SOD be required to pay pre-judgment and post-judgment interest at the highest rates allowed by law;

H. That SOD be required to pay costs and attorney fees; and

I. For such other and further relief as this Court deems just and proper.

## Jury Trial Demand

Plaintiff Arbor Networks, Inc. demands a trial by jury on all issues so triable.

Dated: October 15, 2015

Respectfully submitted,

ARBOR NETWORKS, INC.,
By its attorneys,

 */s/ Christopher R. Blazejewski*
Christopher R. Blazejewski (No. 665258)
SHERIN AND LODGEN LLP
101 Federal Street, 31st Floor
Boston, Massachusetts 02110
Telephone: 617.646.2000
Facsimile: 617.646.2222
Email: crblazejewski@sherin.com

OF COUNSEL:

Jamil N. Alibhai (*pro hac vice* pending)
Email: jalibhai@munckwilson.com
Amanda K. Greenspon (*pro hac vice* pending)
Email: agreenspon@munckwilson.com
Munck Wilson Mandala, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: 972.628.3600
Facsimile: 972.628.3616